William J. Wall -- State Bar No. 203970
THE WALL LAW OFFICE
9900 Research Drive
Irvine, CA 92618

Telephone    (949) 387-4300
Facsimile    (800) 722-8196
Email:    wwall@wall-law.com

[Proposed] General Insolvency Counsel
for Debtor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

| | |
|---|---|
| In re<br><br>THE MATURIN GROUP, INC., dba PICO RIVERA PALLET, A California Corporation,<br><br>Tax ID / EIN: 65-1282938<br><br>Debtor and Debtor-in-Possession. | Case No. 6:11-bk-10547-DS<br><br>Chapter 11 Proceeding<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THERETO**<br><br>**HEARING DATE**:<br>DATE:    May 5, 2011<br>TIME:    8:30 a.m.<br>PLACE:   3420 Twelfth Street<br>         Courtroom 304<br>         Riverside, CA 92501 |

**I.**

**THE BANK'S OPPOSITION SHOULD NOT BE CONSIDERED**

On the day prior to the debtor's deadline to file a reply in support of its exclusivity motion, the bank opposed the motion. The bank's arguments are at best disingenuous. Rather than contradicting the analysis provided by the debtor, the bank has chosen to flatly ignore the analysis and turn to blanket conclusions unsupported by evidence.

-1-
REPLY IN SUPPORT OF MOTION TO EXTEND EXCLUSIVITY

## II.

## **REFUTATIONS OF SPECIFIC ALLEGATIONS**

Given the bank failed to timely file its opposition, the debtor's ability to reply to the opposition is limited. The debtor will refute the more egregious misstatements of the bank.

**Assertion**: "Unfortunately for the debtor, the Conditional Use Permit has already been denied. Thus, the results of the June 16 meeting will not impact debtor's position in this case."

This is simply false. Colton Municipal Code section 18.58.100[1] specifically allows for appeals from the planning commission to the city council. The debtor has timely filed an appeal.

**Assertion**: "Here, the debtor has demonstrated no progress toward a sale of the Property or anything else."

First, the monthly operating reports show the debtor's business continues to improve. If the bank had reviewed the docket it would know as much. Moreover, the bank knows and has always known that prospective buyer of the pallet yard also seeks to buy the real estate upon which it is located and will be unwilling to close a sale if it cannot purchase the real estate. The secured parties on the real estate have been negotiating with the buyer for an acquisition price.

---

[1] Section 18.58.100 of the Colton Municipal Code reads as follows
 - Appeal procedure.
A. The decision of the commission on all land use applications shall be final following a ten-day appeal period. The commission shall, within ten days from the date of denial action of any land use application, notify the applicant by forwarding a copy of the resolution to the address shown upon the application.
B. The action of the planning commission in denying an application shall be final and conclusive unless, within ten days following the receipt of notice of the action by the applicant, an appeal in writing is filed with the city clerk by the applicant.
C. Upon receipt of a written appeal, the city clerk shall advise the secretary of the planning commission who shall transmit to the city clerk the planning commission's complete record of the case.
D. Within forty days following receipt of the filing of a written appeal, the city council shall conduct a duly advertised public hearing on the matter, or shall appoint a neutral hearing officer, as further specified in Section 18.58.101, to conduct a duly advertised public hearing on the matter, public notice of which shall be given.
E. The city council shall announce its findings and decision by formal resolution not more than forty days following the hearing, and the resolution shall recite, among other things, the facts and reasons which, in the opinion of the city council, make the approval or denial of the application necessary to carry out the general purpose of this title.
F. The action by the city council shall be by a majority vote of the entire membership of the council and shall be final and conclusive.
G. In the event of an appeal as provided above, the action of the commission in the matter shall forthwith be void and of no force or effect. Thereafter, the powers and duties of the commission shall be exercised by the city council.
H. Any two members of the city council may appeal the decision of the commission on a land use application, within seven calendar days after mailing of the notice of such decision. Such notice must be mailed within two calendar days after such determination by the planning commission to the members of the city council.

**Assertion**: "Debtor cannot establish a single one of these *[Hoffinger Industries]* factors."

Section II of the motion, pages 3-5, applies all of those factors to the present case. Rather than regurgitate the analysis in this reply, the debtor will only point out the bank provides no contradictory analysis.

**Assertion**: "The bank (and all of the other creditors for that matter) has been completely left in the dark about the purported plan. Nothing has been shared or disclosed."

The motion itself and the debtor's report at the last status conference make abundantly clear that the debtor is considering two potential plans of reorganization. Action by the Colton city council will determine which plan of reorganization the debtor proposes. Proposing a plan with alternative and diverse outcomes for creditors wastes the debtor's resources and could confuse creditors.

If the debtor's reporting to the Court and US Trustee do not provide sufficient information to the bank, nothing stops its attorney from picking up the phone.

### III.
### CONCLUSION

The debtor urges the court to disregard the bank's opposition. If the court is inclined to consider the opposition, the debtor respectfully requests the court consider the above the shortcomings of the bank's position and grant the motion to extend the exclusivity periods.

DATED: May 2, 2011                                    **THE WALL LAW OFFICE**

                                                          By: /s/ William J. Wall
                                                            William J. Wall
                                                            [Proposed] Insolvency Counsel for Debtor and
                                                            Debtor-in-Possession

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9900 Research Drive
Irvine, CA 92618

A true and correct copy of the foregoing document described as **REPLY IN SUPPORT OF MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE A PLAN AND TO SOLICIT ACCEPTANCES THERETO** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On *May 2, 2011* I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| Drew A Callahan    dcallahan@piteduncan.com, kduke@piteduncan.com | Tom Roddy Normandin    tnormandin@pnbd.com |
| Eric J Fromme    efromme@rutan.com | Scott H Olson    solson@seyfarth.com |
| Margaret E Garms    margaret@parkinsonphinney.com | Donna T Parkinson    donna@parkinsonphinney.com |
| Everett L Green    everett.l.green@usdoj.gov | United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov |
| Richard G. Heston    rheston@hestonlaw.com | William J Wall    wwall@wall-law.com, goceguera@wall-law.com |

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On *May 2, 2011,* I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy:** United States Bankruptcy Court, Honorable Deborah J. Saltzman, 3420 Twelfth Street, Suite 385, Riverside, CA 92501-3819

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| *May 2, 2011* | William J. Wall | /s/ William J. Wall |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.